UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CARTER,

          Petitioner,                      CIVIL ACTION NO. 05 CV 70096 DT

      v.                             DISTRICT JUDGE DENISE PAGE HOOD

WARDEN WOLFENBERGER,         MAGISTRATE JUDGE VIRGINIA M. MORGAN

          Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

      Petitioner is currently serving a life sentence for felony murder at the Macomb Regional Correctional Facility, New Haven, Michigan.  On February 22, 2005, he filed a "Petition for Writ of Mandamus," by which he seeks to obtain a court order requiring the warden of the facility to immediately discharge him from custody.

      The basis for petitioner's claim that he is entitled to immediate release is not clear.  In any event, he cannot seek such release by means of an action for a writ of mandamus.  The All Writs Act, 28 U.S.C. § 1651, confers authority upon federal courts to issue writs of mandamus. However, the Act "is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the issue at hand, it is that authority, and not the All Writs Act, that is controlling."  <u>Pennsylvania Bur. of Correction v. U.S. Marshals</u>, 474 U.S. 40, 43 106 S.Ct. 355, 361 (1985).  If a state prisoner challenges the fact or duration of his

confinement and seeks an earlier or immediate release from custody, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriquez, 411 U.S. 475 (1973).  Accordingly, to obtain the requested relief, petitioner must proceed under the federal habeas corpus statute, 28 U.S.C. § 2241 *et seq*.  He cannot bypass the requirements of that statute by simply styling his petition as one for mandamus relief.

The court docket indicates that on December 12, 2004, petitioner filed a petition for a writ of habeas corpus in which he challenges his felony-murder conviction.  Thus, there is no reason to treat the present mandamus petition as one for habeas relief.  To the extent the grounds for relief raised in the mandamus petition were not included in the habeas petition, petitioner may seek leave to amend his habeas petition.

Based on the foregoing, the court recommends that the petitioner's request for mandamus relief be denied and that his petition be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v.

Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

    s/Virginia M. Morgan
VIRGINIA M. MORGAN
Dated:   April 18, 2005          UNITED STATES MAGISTRATE JUDGE

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the parties of record by electronic means or U.S. Mail on April 18, 2005.

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Morgan

-3-